IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RAYMUNDO GONZALEZ GARIBAY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-277-A |
| | § | (NO. 4:16-CR-049-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Raymundo Gonzalez Garibay, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-049-A, styled "United States of America v. Raymundo Gonzalez Garibay," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On March 16, 2016, movant was named in a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1)/(2). CR Doc.[1] 1.

---

[1] The "CR Doc.___" reference is to the number of the item on the docket in the underlying
(continued...)

On May 23, 2016, the jury returned a verdict of guilty against movant. CR Doc. 30. The probation officer prepared a presentence report ("PSR") reflecting that movant's base offense level was 8 and that a 12-level increase applied for movant's 1986 conviction of aggravated kidnapping, which did not receive any criminal history points. CR Doc. 32, ¶¶ 16, 17. Based on a total offense level of 20 and a criminal history category of V, movant's guideline imprisonment range was 63-78 months. Id. ¶ 64. Movant lodged objections, CR Doc. 34, and, with leave of court, a supplemental objection to the PSR. CR Doc. 44. The probation officer prepared an addendum to the PSR, CR Doc. 48.

On September 23 2016, movant was sentenced to a term of imprisonment of 78 months. CR Doc. 53. Movant appealed and his sentence was affirmed. United States v. Gonzalez, 698 F. App'x 176 (5th Cir. 2017). His petition for writ of certiorari was denied. Gonzalez v. United States, 139 S. Ct. 53 (2018).

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion, worded

---

[1](...continued)
criminal case, No. 4:16-CR-049-A.

as follows:

> **Ground One:** The government violated movant's fifth amendment right to due process, and sixth amendment right to effective assistance, by concealing matters it was duty bound to disclose concerning the United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) enhancement; and, an 8 U.S.C.S. §§ 1326(b)(1)(1) charge.
>
> **Ground Two:** Movant was denied effective assistance of counsel in violation of the sixth amendment due to trial and appellate counsel's deficient performance that prejudiced the defense.

Doc.[2] 13 at PageID[3] 98 (restated at PageID 104).

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the printed page numbers on the document filed are not consecutive.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

4

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant alludes to the "government's misconduct" interfering with his counsel's ability

to make independent decisions about how to conduct his defense. Doc. 13 at PageID 98. The court cannot discern from movant's brief, however, the conduct to which he is alluding. As best the court can tell, movant is complaining about his 12-level enhancement "for a non-applicable charge" and certain "perjured testimony." <u>Id.</u> at PageID 117. These are matters that could and should have been presented on appeal and cannot be presented here.

In his second ground, movant complains that he received ineffective assistance of counsel. Again, the court cannot discern from movant's brief what he says his counsel did or failed to do that prejudiced him. The government believes movant to be arguing that his 1986 conviction for aggravated kidnapping could not be used against him because he was not immediately removed following such conviction.[4] Doc. 15 at 8-9. As the government recites, movant was removed from the United States three times after that conviction. Thus, he was deported subsequent to his conviction for aggravated kidnapping. And, in any event, his prior conviction for attempted illegal reentry after deportation, CR Doc. 32 ¶ 33, is an aggravated felony that would provide an independent basis for movant's conviction under

---

[4] This appears to be the case, as movant says that he was "not removed subsequent to conviction for commission of the alleged aggravated felony conviction." Doc. 13 at PageID 109.

8 U.S.C. §§ 1326(a) and (b)(2). <u>United States v. Piedra-Morales</u>, 843 F.3d 623, 624-25 (5th Cir. 2016).

Movant's counsel cannot have been ineffective for failing to raise frivolous issues. <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999); <u>United States v. Rico</u>, 51 F.3d 495, 511 (5th Cir. 1995). The record reflects in any event that movant's counsel did raise the issue of whether the aggravated kidnapping constituted an aggravated felony, acknowledging that the issue was then foreclosed by circuit precedent. CR Doc. 34.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 23, 2019.

_____
JOHN McBRYDE
United States District Judge

7